Bart M. Botta, Bar No. 167051
June Monroe, Bar No. 284763
**FENNEMORE LLP**
2603 Main Street, Suite 1250
Irvine, CA 92614
Tel: (949) 752-2911 / Fax: (949) 752-0953
bbotta@fennemorelaw.com
jmonroe@fennemorelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.H. BELT & ASSOCIATES, INC., a corporation, doing business as SUNLEAF FOODS,<br><br>Plaintiff,<br><br>v.<br><br>PASSPORT FOODS (SVC), LLC, a limited liability company; SKYVIEW CAPITAL GROUP MANAGEMENT, LLC, a limited liability company; ALEX SOLTANI, an individual,<br><br>Defendants. | Case No. 8:23-cv-410<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.**<br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **UNJUST ENRICHMENT;**<br>6. **CONVERSION;**<br>7. **NEGLIGENT TRANSFER AND RECEIPT OF PACA TRUST ASSETS;**<br>8. **FOR PRIORITY TO PACA TRUST ASSETS;**<br>9. **BREACH OF PACA TRUST;**<br>10. **FOR DISGORGEMENT OF PACA TRUST ASSETS;**<br>11. **DECLARATORY JUDGMENT;**<br>12. **FOR FINANCE CHARGES AND ATTORNEYS' FEES** |

Plaintiff C.H. BELT & ASSOCIATES, INC., a corporation, doing business as SUNLEAF FOODS ("CHB" or "Plaintiff"), hereby complains and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.      Plaintiff CHB is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Lake Forest, State of California.

3.      Plaintiff is informed, believes and thereon alleges that Defendant PASSPORT FOODS (SVC), LLC ("Passport"), is and during all times relevant herein was a limited liability company organized and doing business under the laws of the State of California, with its principal place of business located in Ontario, California.

4.      Plaintiff is informed, believes and thereon alleges that Defendant SKYVIEW CAPITAL GROUP MANAGEMENT, LLC ("Skyview"), is and during all times relevant herein was a limited liability company organized and doing business under the laws of the State of Delaware, with its principal place of business located in Henderson, Nevada.

5.      Plaintiff is informed, believes and thereon alleges that Defendant Skyview is and during all times relevant herein was a reported principal on the PACA license of Passport, and as such was and is an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and is and during times relevant herein was a statutory trustee under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

6.      Plaintiff is informed, believes and thereon alleges that Defendant ALEX SOLTANI ("AS" or "Individual Defendant"), is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Passport and Skyview,

and who maintains a principal place of business located in the City of Ontario, State of California.

7.      Plaintiff is informed, believes and thereon alleges that the Individual Defendant is and at all times material herein was an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during times relevant herein was responsible for the daily management and control of Passport, and who is and during relevant times herein was a statutory trustee under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

## II.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Passport)

8.      Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth herein.

9.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Passport was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

10.     Further, Passport voluntarily subjected itself to the jurisdiction of the Secretary of Agriculture and the PACA Department by maintaining a valid PACA license (PACA license number 20200425) at all relevant times set forth in this Complaint.

11.     Between on or about June 2, 2022, and August 2, 2022, in a series of transactions in the stream of interstate commerce, Plaintiff sold and shipped perishable agricultural commodities to Defendant Passport at said Defendant's request, for which said Defendant agreed to pay Plaintiff in the principal amounts at least as great as the sum of $134,316.90.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

12.     At or about the date of each transaction described above, Plaintiff forwarded to Defendant Passport invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling the principal amount of at least $134,316.90.

13.     Plaintiff has repeatedly demanded that Defendant Passport pay the amounts due and owing under the invoices.  However, said Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

14.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

15.     As a direct and proximate result of the failure of Defendant Passport to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the principal amount of at least $134,316.90, plus recoverable attorney's fees and finance charges at the rate of 1.5% per month, as set forth in the written agreements between the Parties.

**III.**

**SECOND CAUSE OF ACTION**

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

16.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and was a valid PACA licensee operating under a PACA license number 20060415.

18.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19.     Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Defendants were engaged in the business of buying and selling perishable

FENNIMORE LLP
ATTORNEYS AT LAW
IRVINE

- 4 -

BBOTTA/28842182.1/600049.0001

agricultural commodities as defined by PACA as 'dealers' in wholesale and jobbing quantities and were operating under PACA license number 20200425.

20. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

21. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $134,316.90 as separately set forth above, for the perishable agricultural commodities sold to Defendants, all of which remains past due and unpaid.

22. Specifically, Plaintiff preserved its statutory trust rights under PACA by providing the following written notice of Plaintiff's intent to preserve Plaintiff's PACA trust rights on the face of each invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

23. Plaintiff's invoices also contain written terms providing for recovery of attorney's fees on the face of each of the invoices submitted to Defendants.

24. Plaintiff's invoices also contain the written terms providing for recovery of finance charges at the rate of 1 ½% per month on any unpaid amount.

25. Terms described at paragraphs 23 and 24, above, were bargained-for terms of the contract and are sums owing in connection with the sales transactions that are the subject of this complaint.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

26.    Plaintiff is informed and believes for the reasons alleged herein above, that Defendants and each of them are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have transferred PACA trust assets to other third parties, and in doing so breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

27.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative principal loss of at least $134,316.90, plus recoverable attorney's fees and finance charges in amounts to be determined, all of which qualifies for protection under the PACA trust.

/ / /

/ / /

/ / /

BBOTTA/28842182.1/600049.0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

### THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act:  Failure to Account And Pay Promptly Against All Defendants)**

29.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30.     Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

31.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of $134,316.90 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

### V.

### FOURTH CAUSE OF ACTION

**(For Breach of Fiduciary Duty Against Defendants Passport, Skyview, and the Individual Defendant)**

32.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33.     Plaintiff is informed, believes and thereon alleges that during times relevant to this action, the Individual Defendants were the controlling officers, directors, members, shareholders, principals, and/or owners of the corporate Defendant Passport.

34.     Plaintiff is informed, believes and thereon alleges that during times relevant

to this action, Defendant Skyview was a controlling insider, officer, director, member, shareholder, principal, and/or owner of Defendant Passport.

35.    As the controlling officers, directors, members, shareholders, principals, and/or owners of Defendant Passport, the Individual Defendants and Defendant Skyview had and continue to have a duty to ensure that Defendant Passport fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

36.    Plaintiff is informed, believes and thereon alleges that during times herein the Individual Defendants and Defendant Skyview had full knowledge and responsibility for the handling of Defendant Passport's duties as trustees of the PACA trust.

37.    Plaintiff is informed, believes and thereon alleges that the Individual Defendants and Defendant Skyview controlled or had and continue to have a duty to control Defendant Passport's operations and financial dealings, including those involving the PACA Trust Assets.

38.    Plaintiff is informed, believes and thereon alleges that Defendant Passport breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

39.    Plaintiff is informed, believes and thereon alleges that the Individual Defendants and Defendant Skyview breached their fiduciary duties to direct Defendant Passport to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied to Defendants.

40.    As a direct and proximate cause and result of the breach of the fiduciary duties by all Defendants, Plaintiff has incurred damages in the cumulative principal amount of at least $134,316.90, plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

41.    As statutory PACA trustees, the Individual Defendant and Defendant Skyview are jointly and severally liable to Plaintiff for the breach of fiduciary duty in

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

dissipating the PACA trust to the extent of $134,316.90, plus recoverable finance charges and attorney fees, all of which are part of Plaintiff's valid PACA trust claim.

**VI.**

**FIFTH CAUSE OF ACTION**

**(For Unjust Enrichment Against All Defendants)**

42.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41, inclusive, of this Complaint as though fully set forth herein.

43.     Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $134,316.90.

44.     If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

45.     As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the principal amount of at least $134,316.90, plus attorney's fees and finance charges of 18% per annum pursuant to the written agreements.

**VII.**

**SIXTH CAUSE OF ACTION**

**(For Conversion Against All Defendants)**

46.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47.     At all times relevant herein, Plaintiff was and currently is, entitled to possession of the specific sums as alleged herein in the total cumulative principal amount of at least $134,316.90.

48.     During times relevant herein, and continuing thereafter, Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

Plaintiff.   Plaintiff is informed and believes and thereon alleges that Defendants have diverted payments of Passport's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to other unknown third parties.

## VIII.

### SEVENTH CAUSE OF ACTION

### (For Negligent Transfer and Receipt of PACA Trust Assets

### Against Defendant Skyview)

49.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

50.   All assets of Defendant Passport are presumptively PACA Trust Assets, and rightfully belong to Plaintiff and any other similarly situated PACA trust beneficiaries of Passport.  Defendant Skyview had actual or constructive knowledge of the statutory trust under PACA, and therefore had a continuing duty to Plaintiff and other similarly situated PACA trust beneficiaries.

51.   Defendant Skyview knew or should have known that Defendant Passport was experiencing severe financial difficulties and was not able to pay promptly Plaintiff and other similarly situated PACA trust beneficiaries in full, which is a violation of the PACA and its regulations.

52.   Defendant Skyview carelessly and negligently transferred PACA trust assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff and other similarly PACA trust beneficiaries.

53.   Defendant Skyview's receipt and possession of these PACA Trust Assets rightfully belonging to Plaintiff and other PACA trust beneficiaries was a violation of PACA and was in breach of its duty to the Plaintiff and other similarly situated PACA trust beneficiaries.

54.   As a direct and proximate result of Defendant Skyview's breach of its duty to Plaintiff, the Plaintiff has suffered damages in an amount not yet known, but at least the principal amount of $134,316.90, plus finance charges, costs and fees upon proof.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

## IX.

### EIGHTH CAUSE OF ACTION

### (For Priority to PACA Trust Assets Against Defendant Skyview)

55.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56.     All assets of Defendant Passport are presumptively PACA Trust Assets, and rightfully belong to Plaintiff and other similarly situated PACA trust beneficiaries of Passport.

57.     Upon information and belief, Defendant Skyview received PACA trust assets from Defendant Passport while on notice of unpaid PACA trust beneficiaries of Passport, and with knowledge that Defendant Skyview's claims are inferior and junior to the Plaintiff's priority PACA trust claims.

58.     Upon information and belief, Defendant Passport and/or the Individual Defendants pledged, deposited and/or conveyed PACA Trust Assets to Defendant Skyview, and said PACA trust assets are in the wrongful custody and control of Defendant Skyview.

59.     Upon information and belief, the assets pledged, deposited and/or conveyed to, secured by, transferred to, or swept by Defendant Skyview are assets which are a part of the statutory trust created pursuant to the PACA, and Plaintiff is a perfected beneficiary to those PACA Trust Assets.

60.     Upon information and belief, Defendant Skyview received these PACA Trust Assets not "for value" and with actual or constructive knowledge of Plaintiff's PACA trust rights, despite any ownership rights Defendant Passport may have allegedly granted to Defendant Skyview in these assets.

61.     As a result, Plaintiff and other similarly situated PACA trust beneficiaries have priority above all other creditors to these trust assets, on any proceeds derived from these trust assets which were deposited with, conveyed to, secured by or swept by Defendant Skyview.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

## X.

### NINTH CAUSE OF ACTION

### (Breach of PACA Trust Against Defendant Skyview)

62.     Plaintiff hereby re-alleges paragraphs 1 through 61, as though fully set forth herein.

63.     All assets of Defendant Passport are presumptively PACA trust assets, and rightfully belong to Plaintiff and other similarly situated PACA trust beneficiaries of Passport.

64.     Upon information and belief, Defendant Skyview had actual or constructive knowledge of the statutory trust under PACA, and therefore has a continuing duty to Plaintiff and other similarly situated PACA trust beneficiaries.

65.     Upon information and belief, Defendant Skyview knew or should have known that Defendant Passport was experiencing severe financial difficulties and was not able to pay promptly Plaintiff and other similarly situated PACA trust beneficiaries in full, which is a violation of the PACA.

66.     Upon information and belief, Defendant Skyview, by its own actions, transferred PACA trust assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff and other similarly PACA trust beneficiaries.  These actions were violative of PACA and were done with knowledge that Defendant Passport was in breach of the PACA trust.  These intentional and/or negligent transfers of PACA Trust Assets were made in breach of the PACA trust.

67.     Upon information and belief, Defendant Skyview continues to hold any and all PACA Trust Assets having come into its possession as trustees for beneficial interest in the PACA trust of Plaintiff and other similarly situated PACA trust beneficiaries.

68.     Defendant Skyview, in breach of its duty under PACA and the PACA trust, has failed to maintain and to preserve the PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries, and has knowingly and/or negligently diverted and/or converted Passport's assets, including the PACA trust *res* to its own use.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

69.     As a result of the foregoing, Plaintiff has suffered damages in the principal amount of at least $134,316.90, plus finance charges, costs and attorneys' fees subject to proof.

## XI.

## TENTH CAUSE OF ACTION

### (Disgorgement of PACA Trust Against Defendant Skyview)

70.     Plaintiff hereby re-alleges paragraphs 1 through 69, as though fully set forth herein.

71.     All assets of Defendant Passport are presumptively PACA Trust Assets, and rightfully belong to Plaintiff and other similarly situated PACA trust beneficiaries of Passport.

72.     Upon information and belief, Defendant Skyview knew or should have known that Defendant Passport was experiencing severe financial difficulties and was not able to pay promptly Plaintiff and other similarly situated PACA trust beneficiaries in full, which is a violation of PACA.

73.     Upon information and belief, Defendant Skyview, by its own actions, transferred PACA trust assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff and other similarly PACA trust beneficiaries.  These actions were violative of PACA and were done with knowledge that Defendant Passport was in breach of the PACA trust.

74.     Upon information and belief, Defendant Skyview's receipt and possession of these PACA Trust Assets rightfully belonging to Plaintiff and other PACA trust beneficiaries was a violation of PACA and was in breach of the PACA trust.

75.     Upon information and belief, Defendant Skyview received PACA Trust Assets subject to Plaintiff's PACA trust claim not "for value" and with actual or constructive knowledge of Plaintiff's PACA trust rights, despite any purported ownership interest Defendant Skyview may have allegedly been granted in these assets.

76.     Upon information and belief, Defendant Skyview's receipt of assets impressed with Plaintiff's PACA trust *res* has resulted in damages to Plaintiff in an amount up to $134,316.90, plus attorney fees and finance charges subject to proof as to the exact amounts.

77.     Plaintiff seeks entry of an Order declaring all assets of Defendant Passport to be impressed with the PACA trust and directing payment from Defendant Skyview in an amount totaling all of the assets it received that were impressed with Plaintiff's PACA trust, plus finance charges, costs and attorneys' fees upon proof.

**XII.**

**ELEVENTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants)**

78.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 77, inclusive, of this Complaint as though fully set forth herein.

79.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

80.     Plaintiff seeks an Order of this Court declaring that its PACA trust claim is superior to and has priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary.  Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

81.     Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that, in the event of a future bankruptcy filing, the trust funds never became property of

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

## XIII.

## TWELFTH CAUSE OF ACTION

**(For Finance Charges and Recoverable Attorneys' Fees Against All Defendants)**

82.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 to 81, inclusive of this Complaint as though fully set forth herein.

83.    Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make full payment to Plaintiff.

84.    As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

85.    As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

86.    Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

87.    Plaintiff's invoices issued by Plaintiff in connection with and as confirmation of the sales transactions that are the subject of this complaint contained written provisions for attorneys' fees and recovery of interest on unpaid balances at the highest rate allowed

FENNIMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

by law from the date payment was due until paid.  Each of these provisions were bargained for terms of the contract and are sums owing in connection with the transaction. Accordingly, Plaintiff is entitled to and requests judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges and costs and attorneys' fees.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### FIRST CAUSE OF ACTION

### (For Breach of Contract Against Defendant Passport)

1.      For damages in the principal amount of $134,316.90 as against Defendant Passport;

2.      For finance charges at the contract rate of 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $134,316.90 as against Defendants;

2.      For finance charges at the contract rate of 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (For Violation of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)

1.      For damages in the combined amount of $134,316.90 as against Defendants;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $134,316.90 as against Defendants, jointly and severally;

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

- 16 -

3.    For finance charges at the contract rate of 1 ½% per month from the date the obligation became due and payable to Plaintiff; and,

4.    For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

**(For Breach of Fiduciary Duty Against Defendant Passport, Defendant Skyview, and the Individual Defendant)**

1.    For judgment, jointly and severally, against Defendant Passport, Defendant Skyview, and the Individual Defendants and in favor of the Plaintiff in the amount of $134,316.90;

2.    For finance charges at the contract rate of 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**

**(For Unjust Enrichment Against All Defendants)**

1.    For damages in the principal amount of $134,316.90 as against Defendants, and each of them, jointly and severally;

2.    For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff;

3.    For attorney's fees and costs of suit incurred; and,

4.    For such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**(For Conversion Against All Defendants)**

1.    For value of the monies converted in the amount of $134,316.90 as against Defendants, and each of them, jointly and severally;

2.    For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff;

3.    For attorney's fees and costs of suit incurred; and

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

4.      For such other and further relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION

### (Negligent Transfer and Receipt of PACA Trust Assets Against Skyview)

1.      For an order against Defendant Skyview that the amount of $134,316.90 was a PACA trust asset that was negligently transferred;

2.      For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred; and

4.      For such other and further relief as the Court deems just and proper.

## EIGHTH CAUSE OF ACTION

### (For Priority to PACA Trust Assets Against Skyview)

1.      For an order against Defendant Skyview that the amount of $134,316.90 was a PACA trust asset to which Plaintiff has a priority claim;

2.      For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff;

3.      For attorney's fees and costs of suit incurred; and

4.      For such other and further relief as the Court deems just and proper.

## NINTH CAUSE OF ACTION

### (For Breach of Statutory Trust Provisions of PACA Against Skyview)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the amount of $134,316.90 as against Defendants;

2.      For finance charges at the contract rate of 1 ½% per month from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

**(Disgorgement Against Defendant Skyview)**

1.      For an order against Defendant Skyview that the amount of $134,316.90 was a PACA trust asset that was negligently transferred;

2.      For an order against Defendant Skyview that the principal amount of $134,316.90 must be disgorged to Plaintiff, the PACA trust beneficiary;

3.      For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff to be included in the amount ordered to be disgorged to Plaintiff;

4.      For attorney's fees and costs of suit incurred to be included in the amount ordered to be disgorged to Plaintiff; and

5.      For such other and further relief as the Court deems just and proper.

**ELEVENTH CAUSE OF ACTION**

**(Declaratory Relief Against All Defendants)**

1.      For a declaratory judgment establishing that:

(a)     In the event of a future bankruptcy filing, the PACA trust funds never became the property of any of the Defendants or the estate of Defendants under 11 U.S.C. §541;

(b)     The Plaintiff's trust claim under the PACA trust provisions is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c)     Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendant possibly subject to the Defendants' liens or claims, if any are established;

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001

2.     For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sum of $134,316.90 as against Defendants, and each of them, jointly and severally;

3.     For finance charges at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff;

4.     For attorneys' fees and costs of suit incurred; and,

5.     For such other and further relief as this Court deems proper.

**TWELFTH CAUSE OF ACTION**

**(For Attorneys Fees, Costs, Finance Charges and/or Interest)**

1.     For interest or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff until fully paid as separately alleged above, until all principal sums are fully paid;

2.     For reasonable attorneys' fees and costs of suit incurred herein; and, For such other and further relief as this Court deems proper.

Dated: March 7, 2023                          FENNEMORE LLP

                                              By: /s/ Bart M. Botta
                                              Bart M. Botta
                                              Attorneys for Plaintiff

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

BBOTTA/28842182.1/600049.0001